# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISANA

**TONY JOSEPH TABOR (#478277)**                    **CIVIL ACTION NO.**

**VERSUS**                                                                **20-443-SDD-EWD**

**TIM HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 19, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISANA

| | |
|---|---|
| TONY JOSEPH TABOR (#478277) | CIVIL ACTION NO. |
| VERSUS | 20-443-SDD-EWD |
| TIM HOOPER, ET AL. | |

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is the Complaint, as amended,[1] of Tony Joseph Tabor ("Plaintiff"), who is representing himself and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[2] Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted as discussed below.[3]

### I.     Background

Plaintiff originally filed this suit against Tim Hooper, Betty Johnson, Eric Henyard, Todd Barré, and an unnamed security officer.[4] Plaintiff then added as defendants, Jerry Goodwin, Brandy Landry, Susan Connors, D. Johnson, Warden Stagg, Kristen Thomas, Eric Guian, Warden

---

[1] The Court issued an Order on May 11, 2021 giving Plaintiff until June 10, 2021 to file an amended complaint to state specific, material facts regarding the date the incident occurred, specific knowledge of each Defendant regarding dangers posed to Plaintiff by the inmate who attacked him, how each Defendant obtained that information, and other information relevant to deciding whether Plaintiff has a viable failure to protect claim. R. Doc. 29. Plaintiff timely filed an amended complaint. R. Doc. 30.

[2] R. Docs. 1 & 30. Though Plaintiff was placed on notice that his amended complaint would take the place of his original complaint (R. Doc. 29, p. 5), the amended complaint provides little useful information. Considering the liberal construction to be given to *pro se* pleadings, the facts in both the original and amended complaints are considered in this Report. *See Morgan v. Fed. Exp. Corp.*, 114 F.Supp. 3d 434, 436 (S.D. Tex. 2015), citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972) ("*Pro se* plaintiffs are held to a less stringent pleading standard than documents drafted by attorneys and are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings.").

[3] "Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. App'x. 625, 627 (5th Cir. 2017) (internal quotation marks omitted). "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case." *Id.* Plaintiff has already been given an opportunity to amend. Because his amended complaint fails to cure the deficiencies in this action, dismissal is appropriate at this juncture.

[4] R. Doc. 1.

Brox,[5] the maintenance department personnel from 2018-2021, Capt. Smith and Lt. Currie[6] (collectively "Defendants").  Plaintiff sues under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by failing to protect him from violence at the hands of another inmate.[7]  Plaintiff seeks injunctive and monetary relief.[8]

## II.  Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[9]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[5] This may be a reference to "Warden Brock," who is discussed later in Plaintiff's amended complaint.  R. Doc. 30, p. 6 ("Hence the named Warden Brock was fired due to unprofessional acts of failure to report or act upon things like these broken door locks, broken door or unprofessional acts of those he supervised ….").
[6] R. Doc. 30, pp. 2-3, 5.
[7] R. Doc. 1.
[8] R. Doc. 30, p. 7.
[9] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Plaintiff was granted permission to proceed *in forma pauperis* on January 8, 2021, so both statutes apply.  R. Doc. 16.

Procedure.[10] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[13] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[14] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[15] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[16] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[17]

### B. Plaintiff Has Failed to State a Claim for Failure to Protect Against the Named Defendants

#### 1. Plaintiff Cannot State a Claim Against Any Defendant because of a Supervisory Role

Plaintiff was given leave to amend his lawsuit after it was explained to him that he was largely relying on the supervisory roles of the defendants named in the original complaint, which was not enough to state a claim. Plaintiff was also given a list of information to include in any amended complaint, including: the specific knowledge any Defendant had regarding the danger

---

[10] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *Id.*
[13] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[14] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[15] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[16] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[17] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

posed by the inmate who attacked Plaintiff, complaints made to any Defendant before the attack and whether any Defendant was physically present when the attack occurred.[18] Rather than respond by providing answers to these questions (and others) as ordered, Plaintiff's amended complaint provides little in the way of additional information, while naming many more individuals as Defendants.

Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that causally result in plaintiff's injury.[19] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior*, *i.e.*, because s/he is in charge of a particular area of the prison, is insufficient to state a claim under § 1983.[20] If the supervisory official did not personally participate in the alleged constitutional violation, an inmate plaintiff must be able to show that the supervisor breached an affirmative duty specially imposed by state law or that the constitutional violation occurred because a subordinate implemented the supervisor's affirmative wrongful policies.[21] The policy must be so deficient that it is considered the moving force behind the constitutional violation.[22]

What Plaintiff really seems to be arguing is that his constitutional rights were violated because he was permitted to be on a tier with another inmate against prison policy when Defendants knew Plaintiff was supposed to be held in protective custody. Plaintiff has not alleged any specific policies that any Defendant implemented, let alone any policy so deficient that the

---

[18] R. Doc. 29.
[19] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[20] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").
[21] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[22] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

policy itself caused the alleged constitutional violation.[23]  Plaintiff's claims against any Defendant solely because of that Defendant's role as a supervisor must be dismissed. [24]

### 2. Plaintiff Has Failed to State a Claim for Failure to Protect

There are two named Defendants against whom Plaintiff has attempted to allege more specific facts to support a failure to protect claim:  Eric Henyard and the unknown security guard who allegedly failed to secure the shower door.  However, Plaintiff's failure to protect claim against these Defendants also fails.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[25]  Notwithstanding a prison official's general "duty ... to protect prisoners from violence at the hands of other inmates,"[26] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[27]

The "deliberate indifference" standard is applied to evaluate a failure to protect claim. This term has been defined as including an element of "subjective recklessness" as used in the criminal law.[28]  An official acts with the deliberate indifference only if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[29]  In other words, the prison official must know that the inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable

---

[23] The following language in the amended complaint reinforces that Plaintiff has not alleged direct responsibility as to each Defendant: "each Defendant weather [sic] directly or indirectly responsible for (1) failure to protect … [and] (2) deliberate indifference because Defendants are supervisors and had direct or indirect knowledge there of the actual risk of endangerment to Mr. Tabor …."  R. Doc. 30, p. 5.
[24] To the extent Plaintiff has made any allegation that Plaintiff being removed from protective custody is the personal fault of any Defendant, he also fails to state a claim as discussed below.
[25] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[26] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[27] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).
[28] *Farmer*, 511 U.S. at 837.
[29] *Id.*

5

steps to avoid it.[30]  This requires a showing of either intent on the part of security officers to cause the plaintiff harm, or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.[31]  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[32]  Mere negligence or "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[33]  Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[34]

The crux of Plaintiff's allegations is that an unknown security officer failed to secure a shower door while another inmate was inside, which allowed the inmate to escape the shower and attack Plaintiff with a razor blade.[35]  Plaintiff says this security officer, "knew the policy of secureing [sic] a door" and knew that Plaintiff was in protective custody.[36]  As to Henyard, Plaintiff states only that he "failed to intervein [sic] when I wrote to him asking him to do so cause I was in fear of my life.  A.R.P. is no pending second step on this with D.O.C. Headquarters."[37]  At most, these allegations amount to negligence on the part of the unknown security officer and general

---

[30] *Id.* at 847.
[31] *Johnston*, 786 F.2d at 1259.
[32] *Farmer*, 511 U.S. at 837.
[33] *Id.* at 838.  *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), citing *Farmer*, 511 U.S. at 838.
[34] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019).  *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").
[35] Although Plaintiff also vaguely references that this action and the failure to keep him in protective custody were violations of prison policy, even if that were true, it would be insufficient to state a claim because the failure of prison officials to follow prison rules or regulations does not amount to a violation of Plaintiff's constitutional rights. *Ellis v. Garcia*, 159 F.3d 1357 (5th Cir. 1998), citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).
[36] R. Doc. 1, p. 6.
[37] R. Doc 1, p. 6.  This statement also suggests that Plaintiff's claim as to Henyard may be unexhausted.  Prisoners are required to exhaust administrative remedies at the prison before bringing a lawsuit.  28 U.S.C. § 1997(e).

knowledge of a general risk as to Henyard, neither of which is sufficient to state a claim for failure to protect.[38]

### 3. Plaintiff Cannot State a Claim for Removal from Protective Custody

Plaintiff alleges that he was in protective custody for his own protection but was moved from protective custody to the unit where the incident that forms the basis of this lawsuit occurred.[39] This claim must fail because Plaintiff has no constitutional right to a particular custodial classification.[40]

---

[38] *See Torres v. Summers*, No. 10-110, 2011 WL 3100339, at *5 (S.D. Tex. July 25, 2011), citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979) (failing to lock a door constituted mere negligence, which does not establish deliberate indifference or raise a claim of constitutional dimension). Though Plaintiff alleges in his amended complaint "because Defendants are supervisors…[they] had direct or indirect knowledge…the known malfunction of the door locks," this conclusory assertion is insufficient to state a claim. R. Doc. 30, p. 5. Plaintiff does not provide any factual background to support an allegation that Defendants knew or even should have known that the door locks malfunctioned or were prone to malfunctioning; rather, it appears he alleges they should have known of the possibility of the lock malfunctioning because of their supervisory roles. *See Raymond v. Lane*, No. 89-6657, 1990 WL 17098 at *1 (N.D. Ill. Feb. 7, 1990) (finding that wardens were not liable under § 1983 for a failure to protect despite a knowing failure to keep locks in good repair). Even if properly considered, the declarations filed by Clayton Maricle (R. Doc. 33) and Sedrick Simms (R. Doc. 32) do not establish Plaintiff's failure to protect claim. Through these declarations it appears that Plaintiff is attempting to show that the problem of broken door locks was so pervasive that Defendants had to know of the problem, but the facts alleged in the declarations are conclusory and insufficient to demonstrate the pervasiveness required. Though a plaintiff may rely on circumstantial evidence to indicate a defendant was subjectively aware of a risk to inmate health or safety, Plaintiff has failed to provide such circumstantial evidence. *Adames*, 331 F.3d at 512. Acceptable circumstantial evidence may include evidence that "the risk to inmate health or safety was so longstanding and pervasive that the official must have been aware of this danger." *Id.*, citing *Farmer*, 511 U.S. at 842-43. The fact that Plaintiff may have been attacked twice also does not demonstrate pervasiveness because there are no facts to suggest that these alleged attacks happened under similar facts, *i.e.*, failure to secure a door. No facts pleaded in any complaint, declaration, or motion indicate the risk of attacks because of faulty locks was so pervasive that Defendants had to know of the risk.

[39] R. Doc. 1, p. 5.

[40] *Mozee v. Crowley*, 188 Fed.Appx. 241, 242 (5th Cir. 2006) (citations omitted) (plaintiff's claim that he was entitled to protective custody failed as a matter of law because he had no constitutional right to a particular classification). Plaintiff's allegations that he required protective custody are also wholly conclusory. Plaintiff has only alleged that "security or administration [were] well aware of the risk" posed to Plaintiff, requiring him to be placed in protective custody. R. Doc. 1, p. 7. Plaintiff alleges that Defendant Barré "knew of [Plaintiff's] risk…and still allowed for me to be moved to another unit." R. Doc. 1, p. 6. Plaintiff also alleges that Defendant Johnson was the supervisor over the unit to which Plaintiff was moved and "did nothing to correct the policy." R. Doc. 1, p. 6. Plaintiff also alleges he wrote Defendant Henyard a letter stating he was "in fear of [his] life," but Henyard failed to take any action. It is not clear whether the letter to Henyard is related to Plaintiff's allegation that he was no longer in protective custody or just a general fear for his life. Plaintiff has failed to provide the Court with any factual basis to support a claim that he was required to be in protective custody or that Defendants were deliberately indifferent to his need to be in protective custody. Plaintiff's "Order to Show Cause for an [sic] Preliminary Injunction and For a Temporary Restraining Order" also does not provide any helpful facts. All facts are conclusory and the document merely states that Plaintiff must be housed in a particular area in the prison, which appears to be Plaintiff's personal belief. *See* R. Doc. 8. Plaintiff's amended complaint also does not provide any useful facts relative to this claim. R. Doc. 30. Rather, the allegations continue to be conclusory and state that he should be in protective custody due to his mental

7

### C. Plaintiff's Request for Injunctive Relief Should be Denied

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[41] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[42] At all times, the burden of persuasion to obtain a preliminary injunction or temporary restraining order remains with the plaintiff as to each of the four required elements: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[43] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[44]

If the recommendation to dismiss this matter for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A is adopted, then any request for injunction in this case fails because Plaintiff has not stated a viable federal claim, and therefore, he does not have any likelihood of success on the merits, such that the "Order to Show Cause for an [sic] Preliminary Injunction and for a Temporary Restraining Order"[45] should be denied.

---

or physical disabilities, but Plaintiff does not explain how these alleged disabilities are related to his need to be in protective custody. R. Doc. 30.

[41] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors");

[42] *See Allied Mktg. Grp., Inc*., 878 F.2d at 809.

[43] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

[44] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits). Plaintiff's claim for injunctive relief also appears to be moot. Plaintiff was housed at Elayn Hunt Correctional Center (EHCC) when this lawsuit was filed but has since been transferred to Angola (R. Doc. 22). Although Plaintiff requests in his amended complaint that he be placed on "do not double" and "[not] placed in a cell with anyone else," (R. Doc. 30, p. 8) there is no information to establish that his safety concerns about housing classification while at EHCC extend to Angola.

[45] R. Doc. 8.

### D. Exercise of Supplemental Jurisdiction Should be Declined

To the extent Plaintiff seeks to have this Court exercise supplemental jurisdiction over potential state law claims, it should decline to do so. A district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[46] Since Plaintiff has failed to state a valid federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any potential state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, that the Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, and that Plaintiff's request for injunctive relief[47] be **DENIED**.

### ORDER

**IT IS ORDERED** that, considering the recommendation for dismissal, Plaintiff's pending Motions[48] are **DENIED** without prejudice to refiling if his claims are not dismissed.

Signed in Baton Rouge, Louisiana, on August 19, 2021.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[46] 28 U.S.C. § 1367.
[47] R. Doc. 8.
[48] R. Docs. 13 & 17.